Taylor
v.
Holcomb.

John Taylor *against* Abner Holcomb.

The deposition of a former town clerk may be admitted to show his general mode of transacting his official business.

EJECTMENT.   Issue of fact to the Court.*

The plaintiff demanded seisin and possession of fifty-two acres and a half of land in *Panton*, and derived his title under a deed from *Abraham Ives*, sheriff, as collector of a state tax of ten shillings on each hundred acres of land, passed *March* 9, 1784.

---

* This practice of joining issue of fact to the Court is provided for by the 72d section of the judiciary act, *Vermont* Stat. vol. 1. p. 83. which enacts, " that the several Courts in this State shall have power to try any issue of fact referred to them by agreement of the parties in any suit pending before them." This practice has been pursued in the respectable State of *Connecticut* ever since the year 1672, as we learn from a note, p. 36. in *Hudson & Goodwin's* edition of the public statute law of that State, published in 1808, a compilation which does high honour to the acumen and industry of Messrs. *Treadwell, Perkins & Day*, the committee appointed by the Legislature to superintend the impression.

However this mode of joining issue to the *bench*, in matters most commonly tried by the *Jury*, may appear in theory to those inexperienced in the practice, we certainly find it to be extremely beneficial.  Cases frequently happen where it is necessary to ascertain the facts, and when found by a Jury, the law applicable to them must be afterwards decided by the Court on special verdict, or on motion for new trial or arrest of judgment: this creates delay, and enhances costs.  Besides, cases will sometimes present where the facts and the law are so intimately blended as to render it difficult for the most acute pleader so to distinguish as to safely rest his client's cause upon the critical ground of special pleading.   In all such cases, when the issue of fact is joined by agreement of parties to the Court, the Court have the whole subject before them, and can apply the law as the facts arise.

The deed was dated the 7th of *April*, 1784, acknowledged before a magistrate the succeeding day, received on file in the County clerk's office, *May* 20, 1784, and recorded *February* 6, 1786.

Taylor
v.
Holcomb.

As the act had provided that the record should be made in the town clerk's office, if the town wherein the lands lay was organized, and as the town of *Panton* had been organized eleven days before the date of the collector's deed, it was also recorded in the town clerk's office of *Panton*, and the following certificate endorsed upon it:

---

Further, by this mode of trial an inconvenience is in a great measure avoided, which frequently attends the trial by Jury. Questions respecting the admissibility of testimony may arise, which it is the Court's prerogative to decide, and during the arguments the Jury sit idle and in suspense, and sometimes from the eloquence of the advocates, imbibe incorrect opinions, and suffer them imperceptibly to influence their verdict; and as these questions are often novel, and so nice that it requires time and deliberation to form a correct judgment in the most discerning Judges, Courts are frequently obliged to adjourn for consultation, and not unfrequently to admit or reject the doubtful testimony, and reserve their opinion of the correctness of a hasty decision to future consideration. Most of these inconveniences, so irksome to Jurors, expensive to suitors, and obstructive to the bench, are avoided by this mode of trial. The Judges, unencumbered by the attendance of the Jury, can hear and decide deliberately, can admit objected testimony with or without argument, can adjourn the cause from time to time for further argument or additional testimony, and when they result in judgment, have the whole subject, as to law and fact before them, with all its bearings and nice dependencies. At the same time, as all this is effected by *consent* of parties, the trial by Jury, that inestimable privilege of *Englishmen* and their descendants, is not impugned....*Reporter.*

Taylor
v.
Holcomb.

Town Clerk's Office, *Panton*, 2d of *October*, 1787. *The within deed received for record*, and recorded in the town records, liber —, folio —.

    Attest,          *Noah Ferris*, Town Clerk.

*Fay's* edit. of the Laws, Appendix, p. 38.

The latter clause of the 4th section of the act enacts, " that whenever any lands of any proprietors or land owners shall be thus sold by virtue of this act, the collector of such tax or taxes shall make and give to the purchaser a deed of warranty thereof, signing said deed as collector of the respective tax on which said land was sold ; and if the said proprietor or proprietors or land owners, shall not, within twelve months next after such deed is lodged in the town clerk's office, or for want thereof in the County clerk's office, or proprietor's clerk's office, pay and satisfy or tender to such purchaser the purchase-money, together with all costs and charges, (including the expense of surveying such lands, if any be made,) or deposit the same in the office where the deed is lodged, and twelve per cent. interest thereon arising in gold or silver, the same shall be recorded, and thereupon the title be confirmed to and in such purchaser, his heirs and assigns, to all intents and purposes for ever."

The counsel for the plaintiff now offered to show by the deposition of *Noah Ferris*, late town clerk of *Panton*, that the deed had been lodged in his office twelve months before it had been recorded. To explain his certificate of the record,

The substance of the deposition was, that whilst the deponent was town clerk of *Panton*, it was his constant practice when he received a deed for record,

to endorse upon it, " *Town Clerk's Office*, (with the date,) *the within deed received for record*," which operated as a filing of the deed ; and when the record was completed, he added, " *and recorded*, book ---, page ---," attesting it with his official signature. That the collector's deed had been in fact received by him, *October* 2d, 1787, when he made the first section of the certificate, so far as *received for record*. That the deed was then kept on file until the 3d of *October*, 1788, when it was recorded, and he added to the minute, " and recorded," &c. and attested it.

The defendant excepted to the admission of this deposition, insisting, that it went to impeach the record. That the suffering a public officer to testify to any facts controverting the face of his record, would be against law, and of dangerous consequence.

*Sed per Curiam.* The deposition must be admitted. The testimony does not go to controvert the record, but merely to explain the town clerk's mode of doing his official business *generally*. The Court would not suffer a recording officer to impeach his record in *a particular instance*. But they consider there is a wide distinction between *this* and suffering him to explain his *general mode* of transacting his official business. The Court are the more confirmed in this opinion from a knowledge that the same erroneous mode of certifying the record of sheriff *Ives's* deeds, has prevailed generally throughout the district in which he vended lands as collector. When a private deed was presented for record, it had been common for the town clerks throughout the State, to endorse upon it their official caption with the date, and

*when received,* without any signature, this operating as a mere minute, until the deed was recorded, and then to enlarge the minute by adding, *and recorded,* folio —, liber —, as in the present instance, and this being attested and signed, formed the certificate of the record, and was entered in the record book as such; and as the recording in such case ought to bear date from the day the deed was presented for record, no inconvenience had arisen from this practice in case of deeds executed by one individual to another. And this practice led the town clerks to apply the practice in case of the collector's deeds under the ten shilling tax, without adverting to the act which required that the deed should be lodged in the office twelve months before it should be recorded.

If no parol evidence can be let in to show how the fact was in cases of collectors' deeds, it would give a dangerous shock to land titles, not merely to the immediate grantees of *this* collector, whom the Court might not be inclined to favour, but to many honest men who have purchased under them, and perhaps most of them without covenants of warranty or seisin.

Let the deposition be read.

Judgment for the plaintiff.

—— *Chipman,* for plaintiff.
*Amos Marsh* and *Josias Smith,* for defendant.